**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:24-cr-137-Orl-CEM-RMN

**UNITED STATES OF AMERICA,**

v.

**GIOVANY JOEL CRESPO HERNANDEZ**

_____/

## HERNANDEZ'S MOTION TO COMPEL DISCOVERY

Defendant, **GIOVANY JOEL CRESPO HERNANDEZ**, by and through his undersigned attorney, moves for an order compelling the government to provide discovery and as support states as follows:

The defendant is charged with the following: Count One - Carjacking Resulting in death; Count Two-Kidnapping Resulting in death; and Count Three- Use of a Firearm During and in Relation to a Crime of Violence causing death, offenses for which the death penalty is a potential punishment. As the Court is aware the procedure to determine whether the government will seek death is done before the trial of the defendant. The procedure allows a defendant to present mitigating factors. The evidence the government has in its possession must be evaluated by counsel and Crespo to determine its potential use during the mitigation phase. The mitigating factors are listed below.

Title 18 United States Code Section 3592 states in relevant part:

(a) Mitigating factors. In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
(1) Impaired capacity. The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to

constitute a defense to the charge.

(2) Duress. The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.

(3) Minor participation. The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.

(4) Equally culpable defendants. Another defendant or defendants, equally culpable in the crime, will not be punished by death.

(5) No prior criminal record. The defendant did not have a significant prior history of other criminal conduct.

(6) Disturbance. The defendant committed the offense under severe mental or emotional disturbance.

(7) Victim's consent. The victim consented to the criminal conduct that resulted in the victim's death.

(8) Other factors. Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

. . .

© Aggravating factors for homicide. In determining whether a sentence of death is justified for an offense described in section 3591(a)(2) [18 USCS § 3591(a)(2)], the jury, or if there is no jury, the court, shall consider each of the following aggravating factors for which notice has been given and determine which, if any, exist:

(1) Death during commission of another crime. The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under section 32 [18 USCS § 32] (destruction of aircraft or aircraft facilities), section 33 [18 USCS § 33] (destruction of motor vehicles or motor vehicle facilities), section 37 [18 USCS § 37] (violence at international airports), section 351 [18 USCS § 351] (violence against Members of Congress, Cabinet officers, or Supreme Court Justices), an offense under section 751 [18 USCS § 751] (prisoners in custody of institution or officer), section 794 [18 USCS § 794] (gathering or delivering defense information to aid foreign government), section 844(d) [18 USCS § 844(d)] (transportation of explosives in interstate commerce for certain purposes), section 844(f) [18 USCS § 844(f)] (destruction of Government property by explosives), section 1118 [18 USCS § 1118] (prisoners serving life term), section 1201 [18 USCS § 1201] (kidnapping), section 844(I) [18 USCS § 844(I)] (destruction of property affecting interstate commerce by explosives), section 1116 [18 USCS § 1116] (killing or attempted killing of diplomats), section 1203 [18 USCS § 1203] (hostage taking), section 1992 [18 USCS § 1992] (wrecking trains), section 2245 [18 USCS § 2245] (offenses resulting in death), section 2280 [18 USCS § 2280] (maritime violence), section 2281 [18 USCS § 2281] (maritime platform violence), section 2332 [18 USCS § 2332] (terrorist acts abroad against United States nationals), section 2332a [18 USCS § 2332a] (use of weapons of mass destruction), or section 2381 [18 USCS § 2381] (treason) of this title, or section 46502 of title 49, United States Code (aircraft piracy).

(2) Previous conviction of violent felony involving firearm. For any offense, other

than an offense for which a sentence of death is sought on the basis of section 924©
[18 USCS § 924©], the defendant has previously been convicted of a Federal or State
offense punishable by a term of imprisonment of more than 1 year, involving the use
or attempted or threatened use of a firearm (as defined in section 921 [18 USCS §
921]) against another person.

(3) Previous conviction of offense for which a sentence of death or life imprisonment
was authorized. The defendant has previously been convicted of another Federal or
State offense resulting in the death of a person, for which a sentence of life
imprisonment or a sentence of death was authorized by statute.

(4) Previous conviction of other serious offenses. The defendant has previously been
convicted of 2 or more Federal or State offenses, punishable by a term of
imprisonment of more than 1 year, committed on different occasions, involving the
infliction of, or attempted infliction of, serious bodily injury or death upon another
person.

(5) Grave risk of death to additional persons. The defendant, in the commission of
the offense, or in escaping apprehension for the violation of the offense, knowingly
created a grave risk of death to 1 or more persons in addition to the victim of the
offense.

(6) Heinous, cruel, or depraved manner of committing offense. The defendant
committed the offense in an especially heinous, cruel, or depraved manner in that it
involved torture or serious physical abuse to the victim.

(7) Procurement of offense by payment. The defendant procured the commission of
the offense by payment, or promise of payment, of anything of pecuniary value.

(8) Pecuniary gain. The defendant committed the offense as consideration for the
receipt, or in the expectation of the receipt, of anything of pecuniary value.

(9) Substantial planning and premeditation. The defendant committed the offense
after substantial planning and premeditation to cause the death of a person or commit
an act of terrorism.

(10) Conviction for two felony drug offenses. The defendant has previously been
convicted of 2 or more State or Federal offenses punishable by a term of
imprisonment of more than one year, committed on different occasions, involving the
distribution of a controlled substance.

(11) Vulnerability of victim. The victim was particularly vulnerable due to old age,
youth, or infirmity.

(12) Conviction for serious Federal drug offenses. The defendant had previously been
convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and
Control Act of 1970 for which a sentence of 5 or more years may be imposed or had
previously been convicted of engaging in a continuing criminal enterprise.

(13) Continuing criminal enterprise involving drug sales to minors. The defendant
committed the offense in the course of engaging in a continuing criminal enterprise
in violation of section 408© of the Controlled Substances Act (21 U.S.C. 848©), and
that violation involved the distribution of drugs to persons under the age of 21 in
violation of section 418 of that Act (21 U.S.C. 859).

(14) High public officials. The defendant committed the offense against—

(A) the President of the United States, the President-elect, the Vice President, the
Vice President-elect, the Vice President-designate, or, if there is no Vice President,

the officer next in order of succession to the office of the President of the United States, or any person who is acting as President under the Constitution and laws of the United States;

(B) a chief of state, head of government, or the political equivalent, of a foreign nation;

© a foreign official listed in section 1116(b)(3)(A) [18 USCS § 1116(b)(3)(A)], if the official is in the United States on official business; or

(D) a Federal public servant who is a judge, a law enforcement officer, or an employee of a United States penal or correctional institution—

(I) while he or she is engaged in the performance of his or her official duties;

(ii) because of the performance of his or her official duties; or

(iii) because of his or her status as a public servant.

For purposes of this subparagraph, a "law enforcement officer" is a public servant authorized by law or by a Government agency or Congress to conduct or engage in the prevention, investigation, or prosecution or adjudication of an offense, and includes those engaged in corrections, parole, or probation functions.

(15) Prior conviction of sexual assault or child molestation. In the case of an offense under chapter 109A [18 USCS §§ 2241 et seq.] (sexual abuse) or chapter 110 [18 USCS §§ 2251 et seq.] (sexual abuse of children), the defendant has previously been convicted of a crime of sexual assault or crime of child molestation.

(16) Multiple killings or attempted killings. The defendant intentionally killed or attempted to kill more than one person in a single criminal episode.

The jury, or if there is no jury, the court, may consider whether any other aggravating factor for which notice has been given exists.

18 USCS § 3592.

The United States has provided notice to defense it has evidence in its possession it will not turn over. However, it will allow defense counsel to review the evidence in its office. On February 11, 2025, counsel for Crespo appeared at the government's office to review the materials. The materials include but are not limited to the following: 1) Applications and search warrants for DNA in cases numbers 25-mj-1098 and 25-mj-1099; 2) Multiple proffers from a co-defendant; 3) Affidavits and search warrants related to a residence on Toole Street; 4) Affidavit for search warrant in 24-mj-1854; 4) Proffer of an individual which occurred on October 14, 2021.

This information is critical for defense preparation. In normal cases, proffers are not required to be turned over until after the person testifies pursuant to 18 U.S.C. § 3500. However, this is not

a typical run of the mill case. Moreover, there is no basis to refuse to turnover any and all Applications for Search Warrants, and Search Warrants when the warrants have been executed. In addition pursuant to the Standing Order Regarding Due Process, the "Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions."

The assigned AUSA objects to the requested relief.

WHEREFORE, CRESPO HERNANDEZ requests that this Court grant the motion, order the discovery to be turned over to defense counsel, and any other relief the Court deems necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been hand delivered to the Clerk of Court on this 14th day of February 2025.

*Charles E. Taylor, Jr.*
Charles E. Taylor, Jr., Esquire
Florida Bar No.: 0529321
37 North Orange Avenue, Suite 500
Orlando, Florida 32801
Charles@attorneytaylor.com
Telephone: 407-244-5997
Facsimile: 407-614-1600